IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSH BRKICH,

    Petitioner,

v.                                                                          No. _____

FEDERATED MUTUAL INSURANCE
and ALCON'S ENTERPRISES, INC.
d/b/a R&S Honda Polaris

    Respondents.

## NOTICE OF REMOVAL

    Respondent Federated Service Insurance Co., Inc., (improperly named as Federated Mutual Insurance, hereinafter "Federated"), by and through its counsel of record, Peifer, Hanson & Mullins, P.A. (Robert E. Hanson and Lauren Keefe), and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, hereby removes this case to the Federal District Court for the District of New Mexico.  As grounds therefore, Federated states as follows:

    1.    On February 5, 2009, Petitioner Josh Brkich filed a Petition for Declaratory Judgment ("Petition") in the Second Judicial District Court of New Mexico, Bernalillo County. Petitioner mailed a copy of the Petition to Federated.

    2.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached to this Notice as Exhibit 1.  No other process, pleadings or orders were served on Federated.

    3.    The Petition seeks a declaration that Petitioner is covered under a Federated policy provided to Petitioner's employer, Alcon's Enterprises ("Alcon's"), d/b/a R&S Honda Polaris, for injuries sustained in a motor vehicle accident.  *See generally* Petition.

4.      This Notice of Removal is being filed within 30 days after Petitioner filed the Petition in state court.  The Notice of Removal is therefore timely filed under 28 U.S.C. 1446(b), which requires defendants to file a Notice of Removal within 30 days of receipt of papers filed in state court.

5.      Non-petitioning Respondent Alcon's consents to removal.  Alcon's written consent is attached to this Notice as Exhibit 2.

## DIVERSITY OF JURISDICTION

6.      This case may be removed to this Court by Federated, pursuant to 28 U.S.C. § 1441(a), because the amount in controversy between Petitioner and Respondent exceeds $75,000, exclusive of interest and costs, and because the parties who are the real parties in interest are citizens of different states.

7.      It is evident from the face of the Petition that the amount in controversy exceeds $75,000.  Petitioner asserts in the Petition that his medical bills "will total hundreds of thousands of dollars."  Petition ¶ 8.  Petition further asserts that he has a claim for underinsured motorist coverage ("UM/UIM coverage") under the policy issued by Federated to Alcon's because the allegedly negligent driver, Mae Roth, has "only $100,000 in liability coverage."  Petition ¶ 9.  Petition asks the Court to declare "that there is $500,000 in available un/underinsured motorist coverage" available to him under the Federated policy.  Petition ¶ 9.  If Petitioner's allegations are taken as true, the amount at issue exceeds the sum of $75,000, exclusive of interest and costs.  *See Hanna v. Miller*, 163 F.Supp.2d 1302, 1305-06 (D.N.M. 2001) (court should consider the substance and nature of injuries and damages described in the pleadings when determining whether the jurisdictional amount is met).

8.     In addition, there is diversity of citizenship between the real parties in interest to this matter -- Petitioner and Federated.  Plaintiff alleges in his complaint that he is a resident of New Mexico.  Federated has its principal place of business in Owatonna, Minnesota.[1]

9.     Petitioner has also joined Alcon's, a New Mexico corporation, as a respondent. This Court, however, should disregard the citizenship of Alcon's when determining whether there is diversity of citizenship among the parties.  First, it appears that Alcon's has been fraudulently joined for the purpose of defeating diversity.  Second, even if Alcon's is a proper party to this action, it is a nominal party, and thus its citizenship should not be considered for the purposes of determining this Court's jurisdiction.

10.    The doctrine of fraudulent joinder prohibits a plaintiff from defeating diversity jurisdiction by joining defendants against whom they have no viable claim of cause of action. *See Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, 4-5 (10th Cir. 2000) ("To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in  state court.") (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

11.    Here, Petitioner has no valid claim against Alcon's.  In the Petition, Petitioner identifies Alcon's as his former employer.  *See* Petition ¶¶ 4-5.  Petitioner asserts that he was injured on the job and made a claim against Alcon's insurance policy.  S*ee id.* ¶¶ 6-8, 10. Petition seeks a declaratory judgment, pursuant to NMSA 1978 § 44-6-2 (1975), that he is entitled to UM/UIM coverage under the policy issued to Alcon's by Federated.  *See generally* Petition.  Petitioner has not asserted any claim against Alcon's.  Petitioner does not allege that Alcon's was negligent or caused his injury.

---

[1] *See* Exhibit 3, Alcon Enterprises Commercial Package Policy, showing that Federated Service Insurance Co. is located in Owatonna, MN.

3

12. Further, Alcon's is not a proper party to this action. New Mexico's Declaratory Judgment Act instructs parties to join "all persons … who have or claim any interest which would be affected by the declaration." NMSA 1978 § 44-6-12 (1975). Petitioner, however, has not identified any way in which Alcon would be affected by a ruling on the Petition. Alcon's does not have an interest in the outcome of the declaratory judgment action simply because it is a named insured under the Federated policy. *See Allstate Insurance Co. v. Daniels*, 87 F.R.D. 1, 3-4 (W.D. Okla. 1978) (court erred in granting motion to join named insured as party to coverage dispute between insurer and third party claimant where named insured had no pecuniary interest in outcome of dispute). Petitioner contends that his injuries are covered under the policy that Federated issued to Alcon's. As Petitioner acknowledges, Federated denies that Petitioner is entitled to coverage under the policy; Alcon's expressly rejected UM/UIM coverage for non-managerial employees. Alcon's would not be required to make any payment if the Court found that Petitioner's injuries were covered under Federated's policy; it is only Federated who would be obligated to make payment in that scenario. Because Alcon's does not have an interest that would be affected by a declaration in this matter, Alcon's is not a proper party to this action. This Court should therefore find that Alcon's was fraudulently joined for the purpose of defeating diversity jurisdiction, should dismiss Alcon's from the action, and should accept jurisdiction over this matter.

13. In the alternative, this Court should disregard the citizenship of Alcon's because it is a nominal party. A nominal party is one that is neither necessary nor indispensable to join in the action. *See Miller v. Leavenworth-Jefferson Electric Coop., Inv.*, 653 F.2d 1378, 1381 (10th Cir. 1981) (holding that employer was a mere nominal party in a tort action brought by employee against third party, and therefore employer's citizenship was properly disregarded in determining

diversity jurisdiction). The citizenship of a nominal party should be disregarded when determining whether diversity of jurisdiction exists. *See Hann v. City of Clinton,* 131 F.2d 978 (10th Cir. 1942) ("In determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded."). The named insured to a policy is merely a nominal party to an action brought by a third-party claimant seeking coverage under that policy. *See Mallalieu-Golder Ins. Agency v. Executive Risk Indemnity, Inc.*, 254 F.Supp. 2d 521 (M.D. Pa. 2003) (although underlying tort claimant that was properly joined under Pennsylvania's declaratory judgment statute, it had no direct interest in dispute over coverage, and was therefore a nominal party that should be disregarded when determining whether diversity exists); *Dawson v. Legion Indemnity Co.*, 2000 U.S. Dist. LEXIS 1111 at *5-*8 (N.D. Tex. January 31, 2000) (insured, although properly named as a party under Texas's declaratory judgment act, was a nominal party to action brought by third party claimant, and therefore insured's citizenship would not be considered in determining whether diversity of jurisdiction exists). To the extent that Alcon's is considered a proper party to this action, it should be treated as a nominal party, and its citizenship should be disregarded for the purpose of determining jurisdiction. As a result, there is complete diversity of jurisdiction in this case, and this Court has subject matter jurisdiction.

14. Federated's removal of this action is not to be construed as a waiver of any defenses that it, or any other respondent, has to the Petition, including, without limitation, defects in process and service of process.

**WHEREFORE**, Defendant Federated respectfully notifies this Court that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, they have removed the above action from the Second Judicial District Court, Bernalillo County, New Mexico to this Court.

Respectfully submitted,

PEIFER, HANSON & MULLINS, P.A.

By: /s/ Lauren Keefe
    Robert E. Hanson
    Lauren Keefe
Post Office Box 25245
20 First Plaza, Suite 725
Albuquerque, New Mexico 87125-5245
Telephone: (505) 247-4800

*Attorneys for Federated Mutual Ins. Co., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of March, 2009, I filed the foregoing electronically through the CM/ECF system, and caused the following parties or counsel to be served by First Class Mail, as follows:

Daymon B. Ely, Esq.
1228 Central Ave., S.W.
Albuquerque, NM 87102-2803
(505) 248-0370

Rick Alcon
Alcon's Enterprises, Inc.
11200 Lomas Blvd. NE
Albuquerque, NM  87112
(505) 259-6824

By: /s/ Lauren Keefe
    Lauren Keefe