IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSH BRKICH,

      Petitioner,

v.                            No. 2009-CV-00226 JAP/WDS


FEDERATED MUTUAL INSURANCE
and ALCON'S ENTERPRISES, INC.
d/b/a R&S Honda Polaris

      Respondents.

### RESPONDENT RSA ENTERPRISES, LLC's
### MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

The Petitioner seeks in this Declaratory Judgment Action a judgment from the Court that a policy of insurance issued by Federated Service Insurance Company (erroneously sued as Federated Mutual Insurance) ("Federated") and purchased by his employer, RSA Enterprises, LLC, (erroneously sued as Alcon's Enterprises, Inc.) ("RSA"), provides him with uninsured or underinsured motorist coverage ("UM/UIM"). Petitioner named both Federated and RSA as parties to the case. Because Petitioner's only claim is for a declaratory judgment addressing the Petitioner's alleged rights under the Federated policy, Respondent RSA hereby moves the Court pursuant to Fed.R.Civ.P. 12(b)(6) for an Order dismissing it from the action. Petitioner has simply not alleged a legally cognizable claim for declaratory judgment against RSA.

### PERTINENT BACKGROUND

Petitioner is a former employee of RSA, a business which sells and services motorcycles. *See* Petition for Declaratory Judgment ("Petition"), attached to Notice of Removal as Exhibit 1, ¶ 2. Petitioner alleges that, while riding a motorcycle that had been brought to RSA for service, he

was injured in a collision with an uninsured driver. *See id.* ¶¶ 5-6. Petitioner seeks a declaration

that he is entitled to UM/UIM coverage under a policy issued to RSA by Federated. *See* Petition

at 2.

Petitioner does not bring any other claims in his Petition. For example, Petitioner has not

sought any declaration that RSA would be liable to him in the event that the Court declares that

UM/UIM coverage was validly rejected by RSA. Because Petitioner does not seek any relief

from RSA Enterprises, and RSA does not have a real interest in the present action as alleged in

the Petition, RSA respectfully asks the Court to dismiss it from the present action.

## ARGUMENT

### A.   The Standards for Deciding a Rule 12(b)(6) Motion Favor Dismissal of RSA.

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When

considering a motion to dismiss the Court "look[s] for plausibility in th[e] complaint." *Bell*

*Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007).

### B.   Petitioner Alleges No Direct Claim Against RSA and the New Mexico Declaratory Judgment Act Confers No Substantive Rights.

The New Mexico Declaratory Judgment Act confers power to enter a declaratory

judgment only when there is an "actual controversy" between the parties. *See* NMSA 1978, §

44-6-2 (1975). When there is no actual controversy between the parties, a petition for

declaratory judgment should be dismissed. *See Balizer v. Shaver*, 82 N.M. 347, 349 (Ct. App.

1971) ("[D]eclaratory proceedings will lie only in cases of actual controversy.").

The Petition does not identify any actual controversy between RSA and Petitioner. Petitioner only seeks a declaration regarding the alleged UM/UIM coverage in his claim against the Federated policy. *See* Petition at 2. Because Petitioner does not seek any direct relief or claim against RSA, he cannot use the Declaratory Judgment Act to bootstrap a claim against RSA. The New Mexico Declaratory Judgment Act creates no substantive rights. *See Am. Linen Supply v. City of Las Cruces*, 73 N.M. 30, 32, 385 P.2d 359, 360 (1963) ("[U]nless a valid cause of action is stated under the rules of substantive law, there can be no recourse to declaratory judgment procedure to reach the desired end. No new substantive rights were created by the declaratory judgment act.").

Petitioner has not asserted that RSA will be responsible for providing that coverage -- i.e., for making any payment to him upon a finding that the claim is covered. Nor does Petitioner seek a determination of liability against RSA, such that RSA might be responsible to pay some portion of his claim for damages. RSA would have no such obligation, as Petitioner has not alleged that RSA caused the accident or the injuries he suffered. Petitioner asserts that a third party, Mae Roth, was "solely responsible for the accident." Petition ¶ 7. Because Petitioner has not asserted that RSA will be liable to him upon a finding that his claim is covered under the Federated policy, there is no actual controversy between RSA and Petitioner.

C.    **RSA is Not A Necessary Party.**

RSA is not a necessary party to this dispute simply because it is the named insured on the Federated policy which is at issue. As the court recognized in *Fremont Indem. Co. v. Tolton*, 2001 U.S. Dist. LEXIS 21172 at *12 (S.D. Iowa Nov. 29, 2001), in a dispute between an employee and the employer's insurer, the employer is not a necessary party to the adjudication. The court explained in *Fremont* that it could rule on the employee's claims without joining the

3

employer as a necessary party. *Id.* ("While it would be feasible to join Skyjack [the employer], all that is being adjudicated in this case are Tolton and Ginther's [the employees] rights against Fremont directly under the insurance policy. None of Skyjack's rights as the insured under the policy are being adjudicated."). Similarly, in this case, the Court has been asked to adjudicate Mr. Brkich's rights against Federated directly; the declaratory judgment action does not seek to address RSA's rights under the policy. Accordingly, this dispute can be and should be resolved without the participation of RSA as a party.

Petitioner has not alleged that RSA has any stake in the alleged controversy between Federated and Petitioner. RSA has no stake in the outcome of that dispute. Indeed, where there is no dispute between the named insured and the insurer, the named insured is neither a necessary nor indispensable party to an action between the insurer and the named insured, and indeed does not have an interest in the outcome of such a dispute. *See, e.g., Northwest Cas. Co. v. Kirkman*, 119 F.Supp. 828, 830 (M.D.N.C. 1954) (concluding that dispute regarding coverage for an additional insured was "of no vital concern" to the named insured); *see also Brown v. AIG, Inc.*, 339 F.Supp.2d 336, 342-43 (D. Mass. 2004) ("[T]he absence of other individual insureds poses no bar to according complete relief among those already parties."); *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 4 (W.D. Okla. 1978) (denying motion to join named insured as party to declaratory judgment brought by insurer against a third-party claimant; "the Court is unable to ascertain any interest [the named insureds] have in this litigation."); *Emcaso Ins. Co. v. Rush*, 546 S.W.2d 188, 196-97 (Mo. Ct. App. 1977) (where there was no dispute regarding coverage between insurer and named insured, the named insureds had no interest in the outcome of a declaratory judgment action determining regarding coverage for an additional insured).

According, there is no actual controversy between a named insured and an insurer simply because an additional insured has made a claim against the named insured's policy.

**D.      Mr. Brkich's Affidavit Does Not Allege a Viable Claim Against RSA.**

Finally, potential claims not included in the Petition cannot be considered as a basis to deny a motion to dismiss. Mr. Brkich's affidavit, filed in support of his motion for remand, suggests that RSA failed to tell him that UM/UIM coverage was not being provided, and, if he had been told, he would not have driven or test driven vehicles at work. *See* Brkich Affidavit ¶8 at 2 [Docket no. 10].   Although Petitioner may believe that he has some separate claim against RSA, this potential claim is not included in the Petition and should not be considered by the Court. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations *within the four corners of the complaint* after taking those allegations as true.") (emphasis added).   Indeed, even if the Petitioner were to move to amend, and add claims against RSA, this motion would properly be denied. *Stein v. Disciplinary Bd. of the Supreme Court of N.M.*, 2006 U.S. Dist. LEXIS 95378 at *3 (D.N.M. 2006) ("Where a party proposes amendments while dispositive motions are pending, a court should not allow an amendment whose purpose is to prevent termination of the case on a motion to dismiss or on summary judgment"); *See also Glatt v. Chic. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (holding that a district court, when considering a motion to amend, "should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense").

**CONCLUSION**

RSA respectfully requests that the Court enter an Order dismissing it from the Petition for Declaratory Judgment pursuant to Rule 12(b)(6).

Respectfully submitted,

PEIFER, HANSON & MULLINS, P.A.

By: /s/ Lauren Keefe
     Robert E. Hanson
     Elizabeth K. Radosevich
     Lauren Keefe
Post Office Box 25245
20 First Plaza, Suite 725
Albuquerque, New Mexico 87125-5245
Telephone: (505) 247-4800

*Attorneys for Federated Service Insurance Company and RSA Enterprises, LLC d/b/a R&S Honda Polaris*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of April, 2009, I filed the foregoing Motion to Dismiss electronically through the CM/ECF system.

By: /s/ Robert E. Hanson
     Robert E. Hanson

6