IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JOSH BRKICH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 09-CV-00226-JAP/WDS |
| | § | |
| FEDERATED MUTUAL INSURANCE and ALCON'S ENTERPRISES, INC. d/b/a R&S Honda Polaris, | | |
| | | |
| Respondents. | | |

## PETITIONER'S REPLY TO MOTION TO REMAND

As noted in the Response to the Motion to Dismiss, Petitioner will refer to RSA and Alcon Enterprises together as "RSA" but does not concede to the claim that RSA is the proper defendant.

Respondents argue that the motion to remand should be denied because: (a) Petitioner is relying on a "yet-to-be-specified claim" for negligent misrepresentation which could not successfully be brought in any event; (b) the Petition has no cognizable claim against RSA and (c) RSA has no legal interest in the outcome of this dispute. RSA concludes that it is, at best, a "nominal party". Thus, the Respondents argue, there is complete diversity. The Respondents are simply wrong.

Petitioner carefully considered the parties to be included in this case. Petitioner cannot, at this time, sue RSA for an action in tort because there are no damages until this declaratory judgment is decided. However, unlike the authority relied upon by the Respondents, this is a unique situation where RSA played an active role in both: (a) assuring employees, such as Mr. Brkich, that they were providing insurance coverage; and (b) rejecting uninsured motorist coverage without the employees' knowledge or consent. On the basis of these allegations: (a)

1

RSA could be sued for negligent misrepresentation; (b) It properly is a party in the Petition for Declaratory Judgment; and (c) RSA has a legal interest in the outcome.   Moreover, as noted in the Response to the Motion to Dismiss, if RSA is not included in this action, there is the real danger of inconsistent state and federal decisions.   Thus, RSA is not merely a nominal party and the case should be remanded back to state court where the declaratory judgment concerning coverage can be completely decided with all affected parties.

The Respondents misunderstand the nature of Mr. Brkich's affidavit.   Petitioner is not seeking to amend the Petition to include tort claims.   Indeed, no tort action currently can be pursued against RSA because there are no damages.   However, if the Petition is denied, and uninsured motorist coverage is unavailable, Petitioner will pursue such an action in state court.   One such claim is negligent misrepresentation.

Again, Respondents misunderstand the nature of a negligent misrepresentation claim and specifically Restatement (Second) of Torts Section 552.   The Respondents asserts that: "Under the Restatement, a claim for negligent misrepresentation can only be brought against a party that is in the business of 'suppl[ying] information for the guidance of others in their business transactions."   *See* Response to Motion to Remand at 10.   In fact, Section 552 notes that claims for negligent misrepresentation can be made against, "[o]ne who, in the course of his business, profession or employment, *or in any other transaction in which he has a pecuniary interest*, supplies false information for the guidance of others in their business transactions. . . "   (Emphasis added.)   Comment d to Section 552 notes that the "fact that the information is given in the course of the defendant's business, profession or employment is a sufficient indication that he has a pecuniary interest. . . ."

Here, RSA, as part of its business, provided Mr. Brkich and the rest of its employees with information that RSA was providing automobile insurance. RSA then secretly rejected a portion of that coverage. The elements of negligent misrepresentation are met. *See also*, New Mexico U.J.I. Civil 13-1632 and the comments to that instruction (negligent misrepresentation applies to situations in which the defendant has a pecuniary interest and supplies incorrect information "for the guidance of others in their business transactions.")

Just like in RSA's Motion to Dismiss, the Respondents argue that RSA does not have a legal interest in the outcome of the declaratory judgment and they rely on many of the same legal authorities. *See* Response to Motion To Remand at 8 – 9. Again, as noted in Petitioner's Response to the Motion to Dismiss, RSA is incorrect. RSA fails to cite any case where the employer played an active role in representing to its employees that there was insurance and then, without their knowledge or consent, rejected a portion of that coverage. It is for that reason that the cases cited by the Respondents are not supportive of its position in this case.

For example, in *Northwest Cas. Co. v. Kirkman*, 119 F. Supp. 828 (M.D.N.C. 1954), the question was whether the driver was a permissive user and therefore entitled to coverage. In *Kirkman*, the insured was not involved in either: (a) representing that there was insurance; or (b) rejecting such coverage without the permissive user's knowledge. The Court was merely interpreting the policy. Thus, the insured was not a necessary party. Here, by contrast, RSA was an active participant in both the representations made to employees concerning coverage and the subsequent rejection. Similarly, in *Brown v. AIG, Inc*., 339 F.Supp.2d 336 (D. Mass. 2004), the only question involved the terms of the policies, not the actions of additional parties. The court held that the "risk of inconsistent obligations is due not to the absence of the other directors and

officers but to the terms of its policy." *Id*. at 343.   Here, it is both the rejection form *and* the actions of RSA and the insurance company which are at issue.

Again, the case cited by the Respondents which best illustrates Petitioner's position is *Allstate Ins. Company v. Daniels*, 87 F.R.D. 1 (W.D. Okla. 1978).   RSA is correct that the court in *Allstate v. Daniels* denied the motion to join the named insured.   However, the court noted that its "determination will completely and effectively adjudicate the dispute between the parties herein and will establish their respective rights and liabilities under the policy in question."   *Id*. at 4.   Here, that is simply not the case.   If this Court dismisses RSA and Petitioner then loses the declaratory judgment, RSA will be sued in state court for having assured employees that they had coverage and then having secretly rejected such coverage.   One argument that RSA might make is that the rejection form is not valid and insurance should have been provided.   Thus, there is no assurance that there will be a complete and effective adjudication of the dispute without the inclusion of RSA.

The claim for declaratory judgment appropriately includes the employer.   If Mr. Brkich loses the declaratory judgment, RSA will then be sued in state court.   If RSA is not a party to the claim, it could raise defenses, including, conceivably, that the rejection form should not be enforced.   If that occurs, and RSA prevails, Mr. Brkich will be faced with inconsistent judgments: A ruling in federal court that the rejection form is valid and a decision in state court that the rejection form is not valid.   RSA will not be bound by notions of estoppel because it is not a party to this case.

Finally, it is the employer who, in effect, acted as Mr. Brkich's representative in rejecting coverage.   To Petitioner's knowledge, the effectiveness of this unknowing waiver has not been decided by the New Mexico courts.   However, Petitioner believes that such an unknown waiver

violates New Mexico's public policy of protecting drivers and included this allegation in Paragraph 13 of the Petition.

WHEREFORE, Petitioner submits that the Motion to Remand should be granted and for such other and further relief as this Court may deem appropriate.

Electronically Filed,

By: /s/ Daymon B. Ely, Esq.
1228 Central Ave., S.W.
Albuquerque, N.M.   87102
(505) 248-0370

*Attorneys for the Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing electronically through the CM/ECF system and via U.S. Mail:

Robert Hanson, Esq.
Lauren Keefe, Esq.
**PEIFER, HANSON & MULLINS, P.A.**
P.O. Box 25245
Albuquerque, NM 87125-5245
Email:   alkeefe@peiferlaw.com; nbriault@peiferlaw.com; shidalgo@peiferlaw.com
Email:   rhanson@peiferlaw.com; nbriault@peiferlaw.com; shidalgo@peiferlaw.com

*Attorneys for Federated Mutual Insurance*

on this the 24th day of April, 2009.

_____/s/_____
Daymon B. Ely, Esq., Attorneys for Petitioner

5