IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JOSH BRKICH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 09-CV-00226-JAP/WDS |
| | § | |
| FEDERATED MUTUAL INSURANCE | | |
| and ALCON'S ENTERPRISES, INC. | | |
| d/b/a R&S Honda Polaris, | | |
| | | |
| Respondents. | | |

**<u>PETITIONER'S RESPONSE TO MOTION TO DISMISS</u>**

Respondents insist that RSA is the proper party rather than Alcon Enterprises.   While not dispositive of either the motion to remand or this motion to dismiss, Petitioner notes that the rejection letter which is the subject of the Petition for Declaratory Judgment identifies "Alcon Enterprises" as the policyholder and not "RSA".   Alcon Enterprises Inc. is a New Mexico corporation in good standing.   Alcon Enterprises is in the business of repairing motorcycles (the same business that the Petitioner was working in) and Mr. Alcon, Mr. Brkich's employer, is a principal in that company.   Thus, it appears that Alcon Enterprises is the appropriately named employer-respondent.   However, for purposes of this Motion, Petitioner will refer to RSA and Alcon Enterprises together as "RSA".

RSA has filed a motion to dismiss claiming that it has no stake in the outcome of this litigation.   *See* Motion to Dismiss at 3, 4.   In fact, RSA: (a) represented to its employees, by both word and deed, that it was providing insurance, *see* Petitioner's Motion To Remand at 1 – 2 and Mr. Brkich's affidavit filed at document 9-2; (b) participated in the execution of the rejection form which is attached as Exhibit "A" to the Petition for Declaratory Judgment; and (c) failed to tell its

1

employees that all uninsured motorist coverage had been rejected on their behalf.   Based on these facts, RSA is exposed to liability if the Petition is denied.   Thus, RSA has a stake in this litigation.

RSA also argues that it is "not a necessary party to this dispute".   *See* Motion to Dismiss at 3, 4.   That is simply incorrect and RSA relies on cases which have no applicability to this dispute. In ***Northwest Cas. Co. v. Kirkman***, 119 F. Supp. 828 (M.D.N.C. 1954) the question was whether the driver was a permissive user and therefore entitled to coverage.   There were no facts presented in ***Kirkman*** which showed that the insured:   (a) represented that there was insurance to the user; and (b) then rejected such coverage without the user's knowledge.   The Court was merely interpreting the policy.   Thus, the insured was not a necessary party.   Here, by contrast, RSA was an active participant in both the representations made to employees concerning coverage and the subsequent rejection.

Similarly, in ***Brown v. AIG, Inc***., 339 F.Supp.2d 336 (D. Mass. 2004) the only question was the terms of the policies, not the actions of additional parties.   The Court held that the "risk of inconsistent obligations is due not to the absence of the other directors and officers but to the terms of its policy." *Id*. at 343.   Here, it is both the rejection form *and* the actions of RSA and the insurance company which are at issue.

The case cited by the RSA which best illustrates Petitioner's position is ***Allstate Ins. Company v. Daniels***, 87 F.R.D. 1 (W.D. Okla. 1978).   RSA is correct that the court in ***Allstate v. Daniels*** denied the motion to join the named insured.   However, the court noted that its "determination will completely and effectively adjudicate the dispute between the parties herein and will establish their respective rights and liabilities under the policy in question." *Id*. at 4. Here, that is simply not the case.   If this Court dismisses RSA, then RSA will be sued in state court for having assured employees that they had coverage and then secretly rejected such

2

coverage.   One argument that RSA might make is that the rejection form is not valid and coverage should have been provided.   Thus, there is no assurance that there will be a complete and effective adjudication of the dispute without the inclusion of RSA.

RSA further argues that Mr. Brkich's affidavit states a "separate claim" which should not be considered by the court.   *See* Motion to Dismiss at 5.   RSA misunderstands the purpose of the Mr. Brkich's affidavit.   Petitioner is not seeking to amend the complaint to include a tort claim. Such a claim cannot be made unless uninsured motorist coverage is denied.

Rather, by including Mr. Brkich's affidavit, Petitioner is providing the context for Paragraphs 12 and 13 of the Petition for Declaratory Judgment which submits that the rejection form should not be enforced because the rejection is "not clear and ineffective and violates New Mexico statutes, case law and public policy." *See* Petition for Declaratory Judgment at Para. 13. Petitioner submits that by misleading its employees into believing there was coverage and then rejecting such coverage without their knowledge or consent both the insurance company and the insured participated in a scheme which, among other things, violates New Mexico's public policy protecting drivers in New Mexico.   *See, e.g*. *State Farm Mutual Auto. Ins. v. Ballard,* 2002-NMSC-030, 132 N.M. 696, 54 P.3d 537 (*Ballard* considered provisions which reduce coverage for claims between family members to be unenforceable because they are "contrary to protecting innocent accident victims."); and *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131 (Ct. App. 1978) (*Sandoval* found that New Mexico's uninsured motorist statute embodied the public policy of protecting injured accident victims.)

Moreover it is the RSA which, in effect, acted as Mr. Brkich's representative in rejecting coverage.   To Petitioner's knowledge, the effectiveness of this unknown waiver has not been decided by the New Mexico courts.   However, Petitioner submits that such an unknown waiver

3

violates New Mexico's public policy of protecting drivers and included this allegation in

Paragraph 13 of the Petition.

Finally, the inclusion of RSA prevents the risk of inconsistent judgments.   If Mr. Brkich

loses the declaratory judgment, RSA will then be sued in state court.   If RSA is excluded as a

party in this case, it could raise defenses, including, conceivably, that the rejection is not valid.   If

RSA prevails on this argument, there could be inconsistent judgments – a federal court ruling that

the rejection form is valid and a state court decision that the rejection form is not valid.   RSA will

not be bound by notions of estoppel if it is not a party to this case.   Thus, Mr. Brkich will be left

with two inconsistent judgments.

WHEREFORE, Petitioner submits that the Motion to Dismiss should be denied and for

such other and further relief as this Court may deem appropriate.


Electronically Filed,

By:   /s/ Daymon B. Ely, Esq.
1228 Central Ave., S.W.
Albuquerque, N.M.   87102
(505) 248-0370

***Attorneys for the Petitioner***


**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing
electronically through the CM/ECF system
and to be served by First Class Mail:

Robert Hanson, Esq.
Lauren Keefe, Esq.
**PEIFER, HANSON & MULLINS, P.A.**

P.O. Box 25245
Albuquerque, NM 87125-5245
Email: alkeefe@peiferlaw.com; nbriault@peiferlaw.com; shidalgo@peiferlaw.com
Email: rhanson@peiferlaw.com; nbriault@peiferlaw.com; shidalgo@peiferlaw.com

***Attorneys for Federated Mutual Insurance***

on this the 24th day of April, 2009.


_____/s/_____ _____
Daymon B. Ely, Esq., Attorneys for Petitioner