IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSH BRKICH,

    Petitioner,

vs.                                                 Civ. No. 09-226 JP/WDS

FEDERATED MUTUAL INSURANCE
and ALCON'S ENTERPRISES, INC.
d/b/a R & S Honda Polaris,

    Respondents.

## MEMORANDUM OPINION AND ORDER

On March 18, 2009, Petitioner Josh Brkich filed Petitioner's Motion to Remand (Doc. No. 8). Having reviewed the briefs and relevant law, the Court determines that Petitioner's Motion to Remand should be denied.

*A. Background*

On February 5, 2009, Petitioner, a resident of New Mexico, filed in state court a Petition for Declaratory Judgment (Doc. No. 1-2)(Petition) against Federated Service Insurance Co. (Federated), a Minnesota corporation, and RSA Enterprises, LLC d/b/a R & S Honda Polaris (RSA), a New Mexico corporation which sells and repairs motorcycles.[1] Petitioner, a former employee of RSA, alleges in the Petition that on August 22, 2008 he was repairing a motorcycle for RSA. In making the repairs, Petitioner was required to drive the motorcycle around the block. While Petitioner was riding the motorcycle a driver struck Petitioner. Petitioner was

---

[1] Federated is incorrectly named in the Petition as "Federated Mutual Insurance." Furthermore, it is unclear if "Alcon's Enterprises, Inc. d/b/a R & S Honda Polaris" is a properly named party. Defendants contend that the correct party is RSA. Since the briefs refer to RSA instead of Alcon's Enterprises, Inc. d/b/a R & S Honda Polaris, the Court will likewise refer to RSA for the sake of consistency.

seriously injured and "[t]he medical bills alone will total hundreds of thousands of dollars." Petition at ¶8. The driver had only $100,000 in liability coverage. Consequently, Petitioner made a claim for underinsured motorist coverage with RSA. Although it is not clear from the briefing, RSA presumably submitted Petitioner's claim to Federated, RSA's insurer. Federated denied Petitioner's claim because RSA completed a New Mexico Commercial Auto Coverage Option Form wherein RSA rejected uninsured/underinsured motorist coverage for non-management employees like Petitioner.[2] Ex. A (attached to Petition). RSA agreed with Federated's decision. Petitioner alleges in the Petition that the "rejection form is not clear and ineffective and violated New Mexico statutes, case law and public policy." Petition at ¶13. Petitioner, therefore, "requests that this Court grant a hearing on this matter and declare that the rejection form attached as Exhibit 'A' is not valid and that there is $500,000 in available un/underinsured motorist coverage and for such other relief as this Court may deem appropriate." *Id*. at 2.

On March 9, 2009, Federated timely filed a Notice of Removal which RSA consented to. Federated removed this case based on diversity jurisdiction. *See* 28 U.S.C. §1441(b); 28 U.S.C. §1332(a). It is undisputed that the amount in controversy exceeds $75,000. Federated noted in the Notice of Removal that there is diversity of citizenship between Petitioner and Federated. Federated, however, argued that the citizenship of RSA should not be considered in determining diversity for two reasons. First, Federated asserted that Petitioner fraudulently joined RSA to defeat diversity of citizenship because Petitioner, at the time of removal, had not pled a valid

---

[2]The New Mexico Commercial Auto Coverage Option Form, however, also indicated that RSA <u>accepted</u> uninsured/underinsured motorist coverage for management level employees. That policy had a $500,000 limit.

claim against RSA in the Petition. Second, Federated asserted that if RSA is a proper party, it is a nominal party whose citizenship should not be considered in determining diversity jurisdiction.

Petitioner filed his motion to remand in response to the Notice of Removal. Petitioner argues in the motion to remand that he did not fraudulently join RSA because there is a possibility that he has a valid claim against RSA for the common law tort of negligent misrepresentation. *See* UJI 13-1632, NMRA 1998 (2005).[3] To prove that there is a possibility that he has a claim of negligent misrepresentation against RSA, Petitioner filed a post-removal affidavit wherein he stated under oath that: 1) RSA provided employees with automobile insurance cards four or five years ago; 2) sometime thereafter, RSA no longer issued automobile insurance cards and had changed insurance companies; 3) Petitioner, however, still believed he was covered by uninsured/underinsured motorist insurance; 4) RSA never told Petitioner he was not covered by uninsured/underinsured motorist insurance; and 5) if Petitioner had known that he was not covered by uninsured/underinsured motorist insurance, he would not have driven any of RSA's vehicles. Interestingly, Petitioner admits that he does not have a negligent misrepresentation cause of action against RSA at this time "because there are no damages until this declaratory judgment is decided." Petitioner's Reply to Motion to Remand at 1 (Doc. No. 14), filed April 24, 2009. Petitioner also notes that he is not seeking to amend the Petition to

---

[3] UJI 13-1632 states:

A party is liable for damages caused by his negligent and material misrepresentation.

A material misrepresentation is an untrue statement which a party intends the other party to rely on and upon which the other party did in fact rely.

A negligent misrepresentation is one where the speaker has no reasonable ground for believing that the statement made was true.

include the negligent misrepresentation cause of action against RSA. Nonetheless, Petitioner claims that he did not fraudulently join RSA and that there is no diversity of citizenship between himself and RSA. Petitioner, therefore, concludes that this lawsuit should be remanded back to state court for lack of federal subject matter jurisdiction.

*B.  Discussion*

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907 (1957).  The courts, therefore, are to strictly construe the removal statute and resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  It is well-settled that "the propriety of removal is judged on the complaint as it stands at the time of removal."  *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1992).

In a removal based on diversity jurisdiction, fraudulent joinder of a non-diverse defendant allows the Court to disregard the citizenship of that defendant in determining if there was diversity jurisdiction at the time of removal.  A removing party asserting fraudulent joinder "must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Industries, Inc.*, 71 F.Supp.2d 1145, 1147 (D.N.M. 1999)(citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)).  The burden on the removing party claiming fraudulent joinder is heavy.  *Montano v. Allstate Indemnity*, 2000 WL 525592 **1

(10th Cir.)(unpublished).[4]  That burden of proof is met with clear and convincing evidence of fraudulent joinder.  *See Smith v. Blockbuster Entertainment Corp.*, 100 F.3d 878, 880 (10th Cir. 1996).  In addition, the federal courts can look beyond the pleadings to determine the citizenship of the parties or the amount in controversy.  *Smoot v. Chicago, R. I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)(citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); Wright, Miller, & Cooper, *Federal Practice and Procedure:  Jurisdiction 3d* §3723 at 569.

One instance of fraudulent joinder is "where a plaintiff cannot plead a cause of action against the non-diverse defendant...."  *Couch*, 71 F.Supp.2d at 1147 (citing *Rogers v. Hartford Acc. & Indem. Co.*, 133 F.3d 309, 315 (5th Cir. 1998)).  *See also Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n* (10th Cir. 1983).  That is the type of alleged fraudulent joinder in this case.  To prove that type of fraudulent joinder, the removing party

> must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.   In evaluating fraudulent joinder claims, [judges] must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing  party.  *[Judges] are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.*

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)(emphasis in original text; quotation marks omitted)(quoted in *Montano*, 2000 WL 525592 **1)).  "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)...."  *Montano*, 2000 WL 525592 **2 (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-53 (3d Cir. 1992)).  Moreover, the fraudulent joinder standard does not require the plaintiff to ultimately prevail on the claim against the non-diverse defendant to demonstrate that the non-diverse defendant was legitimately joined.  *Couch*, 71 F.Supp.2d at 1147 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d

---

[4]*Montano* is cited for its "persuasive value" under 10th Cir. R. 32.1(A).

1284, 1287 (11th Cir. 1998)).

Petitioner argues that the Defendants cannot meet their heavy burden of showing that Petitioner has no possibility of recovery against RSA. Specifically, Petitioner contends that his post-removal affidavit provides a basis for a possible future claim against RSA for negligent misrepresentation. Defendants, on the other hand, assert that Petitioner cannot defeat diversity jurisdiction by raising post-removal claims in an affidavit. Defendants correctly note that the Court must examine the state complaint, as it existed at the time of removal, for a possible cause of action against the non-diverse defendant. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir. 1989)("Defendants ... need only show that Plaintiffs have no possible cause of action ... *under the allegations of the Plaintiffs' pleadings at the time of removal*.")(emphasis in original text). Petitioner does not address this point and instead improperly focuses on whether he has a possible future claim for negligent misrepresentation against RSA. The Court will analyze the Petition, the relevant pleading at the time of removal, for a possible claim against RSA.

A liberal reading of the Petition fails to uncover a possible negligent misrepresentation claim against RSA. First, Petitioner does not mention "negligent misrepresentation" in the Petition. Second, Petitioner does not allege in the Petition any of the facts reported in his affidavit from which a reasonable reader of the Petition might infer a possible negligent misrepresentation claim against RSA. Third, if Petitioner had alleged a possible negligent misrepresentation claim in the Petition, he would have sought damages from RSA. *See* UJI 13-1632 (damages are recoverable in a negligent misrepresentation cause of action). Petitioner, however, does not seek damages and instead merely seeks a declaration that the Federated rejection form is invalid. Finally, Petitioner cannot rely on a post-removal affidavit to defeat

diversity jurisdiction which has been properly established at the time of removal. *See, e.g., Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)("the Cavallinis did not cite, nor have we found, any case in which [affidavits have] been considered to determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint. In short, the Cavallinis cannot rely on their affidavits to state a DTPA claim against Cunningham."); *Ambrose Packaging, Inc. v. Flexsol Packaging Corp.*, 2004 WL 2075457 *2 (D. Kan.)(unpublished)(once federal jurisdiction attaches at the time of removal, post-removal events like affidavits do not invalidate the federal jurisdiction). Viewing the permissible facts and law in the light most favorable to Petitioner, the Court concludes that Defendants have demonstrated with clear and convincing evidence that at the time of removal the Petition did not contain a possible cause of action against RSA. Consequently, Defendants have carried their heavy burden of showing that Petitioner fraudulently misjoined RSA to defeat diversity jurisdiction. Petitioner's motion to remand should be denied for this reason alone.[5]

      IT IS ORDERED that Petitioner's Motion to Remand (Doc. No. 8) is denied.

                                        /s/ James A. Parker
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Although the Defendants provide alterative arguments for denying the motion to remand, there is no need to address those arguments in view of the Court's decision to deny the motion to remand on the stated ground.