IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSH BRKICH,

      Petitioner,

vs.                                                   Civ. No.  09-226 JP/WDS

FEDERATED MUTUAL INSURANCE
and ALCON'S ENTERPRISES, INC.
d/b/a R & S Honda Polaris,

      Respondents.

## MEMORANDUM OPINION AND ORDER

On April 10, 2009, RSA Enterprises, LLC d/b/a R & S Honda Polaris (RSA) filed Respondent RSA Enterprises, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 13).[1]  Having reviewed the briefs and relevant law, the Court determines that RSA's motion to dismiss should be granted as to the declaratory judgment claim brought against RSA under the New Mexico Declaratory Judgment Act, and that Petitioner Josh Brkich (Petitioner) should be allowed to amend his Petition for Declaratory Judgment (Doc. No. 1-2)(Petition) to bring any other claims he may have against RSA.

*A.  Background*

On February 5, 2009, Petitioner, a New Mexico citizen, filed his Petition in state court against Federated Service Insurance Co. (Federated),[2] a Minnesota corporation, and RSA, a New

---

[1] The parties dispute whether RSA should be a named respondent instead of "Alcon's Enterprises, Inc. d/b/a R & S Honda Polaris" (Alcon).  However, for the purpose of deciding this motion to dismiss, Petitioner agreed to refer to both RSA and Alcon together as "RSA."  Since the briefs refer to RSA instead of Alcon, the Court will likewise refer to RSA for the sake of consistency.

[2] Respondents contend that Federated Service Insurance Co. is incorrectly named in the Petition as "Federated Mutual Insurance."  Petitioner does not dispute this contention.

Mexico corporation which sells and repairs motorcycles.  Petitioner, a former employee of RSA, alleges in the Petition that on August 22, 2008 he was repairing a motorcycle for RSA.  In making the repairs, Petitioner was required to drive the motorcycle around the block.  While Petitioner was riding the motorcycle a vehicle driver struck Petitioner.  Petitioner was seriously injured and "[t]he medical bills alone will total hundreds of thousands of dollars."  Petition at ¶8.  The vehicle driver had only $100,000 in liability coverage.  Consequently, Petitioner made a claim for underinsured motorist coverage with RSA.  Although it is not clear from the briefing, RSA presumably submitted Petitioner's claim to Federated, RSA's insurer. Federated denied Petitioner's claim because RSA completed a New Mexico Commercial Auto Coverage Option Form wherein RSA rejected uninsured/underinsured motorist coverage for non-management employees like Petitioner.[3]  Ex. A (attached to Petition).  RSA agreed with Federated's decision.  Petitioner alleges in the Petition that the "rejection form is not clear and ineffective and violated New Mexico statutes, case law and public policy."  Petition at ¶13.  Petitioner, therefore, "requests that this Court grant a hearing on this matter and declare that the rejection form attached as Exhibit 'A' is not valid and that there is $500,000 in available un/underinsured motorist coverage and for such other relief as this Court may deem appropriate."  *Id*. at 2.

On March 9, 2009, Federated timely filed a Notice of Removal which RSA consented to.  Federated removed this case based on diversity jurisdiction.  *See* 28 U.S.C. §1441(b); 28 U.S.C. §1332(a).  Federated asserted in the Notice of Removal that Petitioner fraudulently joined RSA to defeat diversity of citizenship because Petitioner, at the time of removal, had not pled a valid

---

[3]The New Mexico Commercial Auto Coverage Option Form, however, also indicated that RSA <u>accepted</u> uninsured/underinsured motorist coverage for management level employees.  That policy had a $500,000 limit.

claim against RSA in the Petition.  Federated also argued that if RSA is a proper party, it is a nominal party whose citizenship should be ignored in determining diversity jurisdiction.

In response to the Notice of Removal, Petitioner filed Petitioner's Motion to Remand (Doc. No. 8) on March 18, 2009. Petitioner argued, among other things, that he did not fraudulently join RSA because there is a possibility that he may have a valid claim against RSA for the common law tort of negligent misrepresentation.  *See* UJI 13-1632, NMRA 1998 (2005).[4] To prove that there is a possibility that he has a claim of negligent misrepresentation against RSA, Petitioner filed a post-removal affidavit wherein he stated under oath that: 1) RSA provided employees with automobile insurance cards four or five years ago; 2) sometime thereafter, RSA no longer issued automobile insurance cards and had changed insurance companies; 3) Petitioner, however, still believed he was covered by uninsured/underinsured motorist insurance; 4) RSA never told Petitioner he was not covered by uninsured/underinsured motorist insurance; and 5) if Petitioner had known that he was not covered by uninsured/underinsured motorist insurance, he would not have driven any of RSA's vehicles. Interestingly, Petitioner admitted that he does not have a negligent misrepresentation cause of action against RSA at this time "because there are no damages until this declaratory judgment is decided." Petitioner's Reply to Motion to Remand at 1 (Doc. No. 14), filed April 24, 2009.

---

[4]UJI 13-1632 states:

A party is liable for damages caused by his negligent and material misrepresentation.

A material misrepresentation is an untrue statement which a party intends the other party to rely on and upon which the other party did in fact rely.

A negligent misrepresentation is one where the speaker has no reasonable ground for believing that the statement made was true.

Petitioner also noted that he is not seeking to amend the Petition to include the negligent misrepresentation cause of action against RSA. On May 20, 2009, the Court denied the motion to remand on the basis of fraudulent joinder concluding that Defendants "demonstrated with clear and convincing evidence that at the time of removal the Petition did not contain a possible cause of action against RSA." Memorandum Opinion and Order (Doc. No. 19) at 7.

*B. Standard of Review*

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, ___ S.Ct. ___, 2009 WL 1361536 *12 (2009)(citations omitted).

*C.  Discussion*

RSA argues first that the motion to dismiss should be granted because Petitioner does not have a claim against RSA under the New Mexico Declaratory Judgment Act.  Second, RSA asserts that it is simply not a necessary party to this lawsuit.  Third, RSA contends that Petitioner's post-removal affidavit does not allege a viable claim against RSA.

The New Mexico Declaratory Judgment Act provides for declaratory judgment actions only "[i]n cases of actual controversy...."  NMSA 1978, §44-6-2 (1975).  RSA argues that the Petitioner does not allege in the Petition an actual controversy between himself and RSA.  RSA notes that Petitioner is merely asking for a declaratory judgment regarding coverage under the Federated insurance policy.  RSA maintains that Petitioner is not asserting in the Petition that RSA is somehow responsible for providing or paying for insurance coverage it did not purchase.  Moreover, RSA observes that Petitioner does not claim in the Petition that RSA caused Petitioner's physical injuries.

Petitioner, on the other hand, asserts that RSA will be exposed to liability if the Court denies the Petition because RSA represented to its employees that it was providing uninsured/underinsured motorist insurance coverage; RSA failed to inform employees that it had rejected that coverage; and because RSA executed the uninsured/underinsured insurance rejection form.  As detailed in the Memorandum Opinion and Order denying Petitioner's motion to remand, the Petition simply does not contain any factual allegations regarding RSA's representations to employees about uninsured/underinsured motorist insurance coverage or

5

RSA's failure to inform employees about the rejection of that insurance coverage.[5] Without those factual allegations, Petitioner has failed to allege a plausible claim against RSA based on RSA's purported misrepresentation of information to employees or its failure to inform employees regarding the rejection of uninsured/underinsured motorist insurance coverage.

In addition, it is noteworthy that, according to Petitioner, his claims of liability against RSA only ripen if the Court denies the Petition. To meet the "actual controversy" requirement of a declaratory judgment action, the issue presented to the court must be "real and not theoretical," the parties must have a "real interest" in the issue, and the issue itself must be ripe for determination.[6] *State ex rel. Stratton v. Roswell Independent Schools*, 111 N.M. 495, 507, 806 P.2d 1085, 1097 (Ct. App. 1991)(citations omitted). By Petitioner's own admission, his claims of liability against RSA are merely theoretical at this time and will not ripen unless the Court denies the Petition. Petitioner, therefore, has not alleged an "actual controversy" with RSA. Consequently, Petitioner has failed to allege sufficient facts in his Petition to support a plausible claim against RSA under the New Mexico Declaratory Judgment Act.

Since the Court has determined that Petitioner has not stated a claim against RSA under the New Mexico Declaratory Judgment Act, it is unnecessary for the Court to address RSA's

---

[5]Although Petitioner does not now collectively refer to these alleged actions and inactions by RSA as the tort of negligent misrepresentation, Petitioner previously did so in his briefing on the motion to remand. Furthermore, in responding to the motion to dismiss, Petitioner continues to state that he "is not seeking to amend the complaint to include a tort claim. Such a claim cannot be made unless uninsured motorist coverage is denied." Petitioner's Response to Motion to Dismiss (Doc. No. 16) at 3, filed April 25, 2009.

[6]"[T]he purpose of ripeness is to 'conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems.'" *ACLU v. City of Albuquerque*, 2007-NMCA-092 ¶7, 142 N.M 259 (quoting *New Mexico Indus. Energy Consumers v. New Mexico Pub. Serv. Comm'n*, 111 N.M. 622, 629-30, 808 P.2d 592, 599-600 (1991)).

other arguments in support of the motion to dismiss.  Furthermore, although Petitioner may not have stated a claim against RSA based on the declaratory judgment action set forth in the Petition, the Court will allow Petitioner to amend his Petition to bring any other plausible causes of action against RSA.

IT IS ORDERED that:

1.  Respondent RSA Enterprises, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 13) is granted;

2.  Petitioner's claim against RSA brought under the New Mexico Declaratory Judgment Act will be dismissed without prejudice; and

3.  Petitioner has until June 30, 2009 to file an amended Petition raising any other plausible claims Petitioner may have against RSA.

_____
SENIOR UNITED STATES DISTRICT JUDGE